UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 06, 2021

SEAN F. MCAVOY, CLERK

| | |
|---|---|
| CARRIE W., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 1:20-CV-03067-JTR <br><br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 16, 17. Attorney D. James Tree represents Carrie W. (Plaintiff); Special Assistant United States Attorney Katherine Watson represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

///

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

## JURISDICTION

Plaintiff filed an application for Disability Insurance Benefits on July 26, 2011, alleging disability since September 9, 2010, due to depression, bursitis, restless leg syndrome, bladder problems, and kidney problems. Tr. 62. The application was denied initially and upon reconsideration. Tr. 87-89, 93-97. Administrative Law Judge (ALJ) M.J. Adams held a hearing on November 6, 2013, Tr. 35-60, and issued an unfavorable decision on January 21, 2014, Tr. 19-28. Plaintiff requested review from the Appeals Council and on June 2, 2015 the Appeals Council denied the request for review. Tr. 1-5. Plaintiff filed a civil action in this court and on June 13, 2016, the Court granted the parties' stipulated motion to remand for further proceedings. Tr. 673-74.

A remand hearing was held before ALJ Adams on October 4, 2017. Tr. 627-42. At that hearing, Plaintiff requested a closed period of disability, ending August 2, 2014. Tr. 631-32. Judge Adams issued a second unfavorable decision on May 11, 2018. Tr. 600-18. Plaintiff filed a second action in this court. Tr. 1957. On March 11, 2019, Senior U.S. District Judge Lonnie Suko issued an order remanding the claim for further proceedings. Tr. 1965-79.

A third hearing was held on December 31, 2019 before ALJ Virginia Robinson. Tr. 1893-1923. On January 29, 2020, Judge Robinson issued an unfavorable decision. Tr. 1867-82. Plaintiff did not file written exceptions with the Appeals Council and the Appeals Council did not review the decision; the ALJ's January 2020 decision therefore became the final decision of the Commissioner. Tr. 1865. That decision is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on May 14, 2020. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1967 and was 43 years old as of her alleged onset date. Tr. 1873. She has a GED and her work history has been primarily in casinos. Tr. 43, 630. She had a traumatic childhood and a long history of substance abuse. Tr.

569. She stopped working in 2010 due to her inability to handle the stress of working at the casino any longer. Tr. 45, 589, 635. In 2014 she completed trauma therapy and felt her mental health had improved to the point of being able to work again. Tr. 636, 1040-41.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a); *Bowen v.*

*Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant has the burden of establishing a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 404.1520(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 404.1520(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On January 29, 2020, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff did not engage in substantial gainful activity during the requested closed period of disability between September 9, 2010 and August 2, 2014. Tr. 1870.

At step two, the ALJ determined Plaintiff had the following severe impairments: spinal impairment, fibromyalgia, hypertension, thyroid disorder, obesity, affective disorder, and anxiety disorder (including PTSD). *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 1871-72.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform work at the light exertional level, except:

> She could not climb ladders, ropes, or scaffoldings. She could frequently stoop, kneel, crouch, crawl, and climb ramps and stairs. She could frequently reach and handle. She needed to avoid

concentrated exposure to hazards and extreme cold. She could perform simple routine tasks, in a routine work environment. She could have superficial interaction with coworkers, with no jobs requiring teamwork, supervising other employees, or extensive problem solving. She could have occasional superficial interaction with the public.

Tr. 1873.

At step four, the ALJ found Plaintiff was unable to perform her past relevant work as a gambling dealer or dealing manager. Tr. 1880.

At step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff was capable of performing, including the jobs of housekeeping cleaner, production assembler, and inspector/hand packager. Tr. 1880-81.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time during the requested closed period. Tr. 1881-82.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly rejecting medical opinion evidence; and (2) improperly discounting Plaintiff's subjective complaints.

**DISCUSSION**

**1.   Plaintiff's symptom statements**

Plaintiff alleges the ALJ erred in rejecting her symptom testimony without providing adequate reasons. ECF No. 16 at 16-21.

It is the province of the ALJ to make determinations regarding a claimant's subjective statements. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

ORDER GRANTING DEFENDANT'S MOTION . . . - 5

However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting a claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, she found Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms to not be entirely consistent with the medical evidence and other evidence in the record. Tr. 1874. The ALJ found Plaintiff's allegations were undermined by her ability to work with her impairments without any apparent substantial worsening during the requested closed period, her improvement with treatment, her largely unremarkable mental and physical exams, and her activities. Tr. 1874-76.

Plaintiff argues the record does not support the ALJ's conclusions, as there is evidence of Plaintiff's ongoing struggles with her mental health and physical problems, with objective signs of both. She further argues the activities identified by the ALJ are not inconsistent with disability. ECF No. 16 at 16-21. Defendant argues the ALJ reasonably interpreted the record and that Plaintiff's competing interpretation of the evidence does not show error. ECF No. 17 at 2-11.

The Court finds the ALJ did not err. An ALJ may rely on evidence that the claimant's condition "ha[s] remained constant for a number of years" and "ha[s] not prevented [the claimant] from working over that time." *Gregory v. Bowen*, 844 F.2d 664, 666-67 (9th Cir. 1988). The record indicates Plaintiff had experienced pain and mental health symptoms for years prior to stopping work in 2010 and the

ALJ found the record did not establish any significant worsening of Plaintiff's impairments compared to when she was working. Tr. 1874-75. This interpretation is reasonable and supported by the ALJ's further discussion of the relatively benign findings on exams. Although it cannot serve as the sole ground for rejecting a claimant's symptom statements, objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ reasonably pointed to the largely normal mental status exams and the lack of significant findings on physical exams throughout the record in finding Plaintiff's allegations to be unsupported. Tr. 1874-76. An ALJ may also consider the course and effectiveness of treatment, including improvement with medication. Social Security Ruling 16-3p. Finally, while the activities the ALJ identified do not necessarily indicate an ability to engage in full-time competitive work, the ALJ reasonably found that the activities undermine Plaintiff's allegations of being very secluded and incapable of doing almost anything. Tr. 1876.

While Plaintiff offers an alternative interpretation of the evidence, the ALJ's interpretation is rational. "When the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

**2.    Medical opinion evidence**

Plaintiff alleges the ALJ improperly rejected opinions from multiple doctors and other treating providers. ECF No. 16 at 2-16.

When a treating physician's opinion is contradicted by another physician, the ALJ may reject the treating physician's opinion for "specific and legitimate reasons" based on substantial evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence,

stating their interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer their conclusions, they "must set forth [their] interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

An ALJ may discount the opinion of an "other source," such as a nurse practitioner, if they provide "reasons germane to each witness for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

### a.    Dr. Quaempts

Plaintiff's treating doctor, Rex Quaempts, completed a letter for vocational rehabilitation in 2011 and a medical source statements for Plaintiff's disability claim in 2013. Tr. 241, 563-64. In 2011, he commented that Plaintiff had multiple medical issues that resulted in her needing to seek other employment, noting her hypertension was exacerbated by stress, recent carpal tunnel surgery made her a poor candidate for repetitive use of her hands, and her disrupted sleep meant she should not be on her feet for extended periods of time. Tr. 241. In 2013, Dr. Quaempts opined Plaintiff needed to lie down during the day and would miss four or more days of work per month from a full-time job. Tr. 563-64.

The ALJ gave these opinions minimal weight, noting Plaintiff's hypertension and carpal tunnel syndrome had not caused significant limitations and her other impairments were adequately controlled and showed no significant worsening since Plaintiff was last employed. Tr. 1877. The ALJ further reasoned that Dr. Quaempts did not refer to any objective evidence to support his opinions and exams during the relevant period were unremarkable other than Plaintiff's own subjective reports. Tr. 1877-78.

Plaintiff argues the record contradicts the ALJ's conclusions, in that Dr. Quaempts did refer to multiple medical records as the basis of his opinions, the record reflects regular signs and symptoms of Plaintiff's fibromyalgia and side

effects of medications in support of the limits, and that there is evidence of her conditions worsening over the relevant period. ECF No. 16 at 7-9. She further asserts Dr. Quaempts was the only doctor to assess the effects of fibromyalgia, rendering his opinion uncontradicted. *Id.* at 5-7. Defendant argues the ALJ reasonably found the opinion to be inconsistent with the overall record, including the doctor's own treatment notes showing benign findings and adequate control of conditions with treatment. ECF No. 17 at 11-12. Defendant further asserts the evidence identified by Plaintiff does not compel a finding contrary to the ALJ's, and notes the medical expert at the hearing testified there were no supportive exam findings to support Dr. Quaempts' opinion. *Id.* at 13-15.

The Court finds the ALJ did not err. An ALJ may reasonably consider an opinion's consistency with the record as a whole and support from the objective medical signs and findings, along with the amount of explanation provided by the source. 20 C.F.R. § 404.1527(c)(3)-(4). Dr. Quaempts did not refer to any objective evidence to support his opinions and his treatment notes contain largely normal exam findings other than some tenderness. Tr. 333-34, 344, 352, 451, 1274, 1305-07. The ALJ's interpretation is supported by substantial evidence.

Plaintiff further argues the ALJ erred with respect to her discussion of Dr. Quaempts and the medical expert at the hearing, Dr. Goldstein. At the third hearing in 2019, Dr. Steven Goldstein testified as a medical expert. Tr. 1906-11. He testified Plaintiff's diagnoses included fibromyalgia, degenerative disc disease of the lumbar spine, and morbid obesity, and no listings were met or equaled. Tr. 1907. He testified that these conditions would have limited her abilities, but did not see enough in the physical exams during the relevant period to be able to assess the degree of limitation. Tr. 1907. When asked about Dr. Quaempts' opinion regarding the need to lie down during the day and missing work, Dr. Goldstein testified that he could not tell from the record whether the opinion was true or not. Tr. 1910. The
///

ALJ summarized this testimony and gave Dr. Goldstein significant weight, but gave greater weight to the more detailed state agency opinions. Tr. 1878.

Plaintiff argues the ALJ erred in her summary of Dr. Goldstein's testimony when she stated, "he did not see sufficient evidence to support Dr. Quaempts' opinion of absences or a need to lie down." Plaintiff asserts the medical expert did not state there was insufficient support for Dr. Quaempts' opinion, just that he did not see a linked exam or evidence about medication side effects supportive of the need to recline. ECF No. 16 at 12. Plaintiff further asserts the record does contain such evidence and that Dr. Quaempts' opinion should have been credited because Dr. Goldstein's testimony did not contradict it. *Id.* at 13. Defendant argues the fact that the medical expert testified the limits *could* be true did not undermine his express testimony that there were no supportive exams and he could not tell from the record whether the limits were true or not. ECF No. 17 at 13.

The Court finds the ALJ's summary of Dr. Goldstein's testimony was reasonable, and the ALJ did not err in giving more weight to Dr. Goldstein than Dr. Quaempts. While Plaintiff offers an alternative interpretation of the record, "if the evidence can reasonably support either affirming or reversing a decision, we may not substitute our judgment for that of the Commissioner." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). The ALJ identified substantial evidence in support of her conclusions.

### b. Dr. Moran

In July 2011, Dr. John Moran completed a physical evaluation form for DSHS. Tr. 1316-19. He opined Plaintiff's primary impairments were chronic spinal pain and pyelonephritis (kidney infection), and that she had severe limitations due to lumbar disc disease and marked limits from chronic depression. Tr. 1318. He stated she was overall severely limited and unable to perform even sedentary work. *Id.*

///

The ALJ gave this opinion minimal weight, noting the only abnormal finding on Dr. Moran's exam was tenderness in the lumbar spine, with no evidence of any psychological exam. Tr. 1878. The ALJ further noted that Dr. Moran had released Plaintiff to light activity following her hospitalization for her kidney infection and had noted a normal exam of her back. *Id.* Finally, the ALJ referred to her other rationale throughout the decision regarding Plaintiff's subjective reports, including the treatment records, exam findings, and activities. *Id.*

Plaintiff argues the record supports Dr. Moran's opinion, as he was her attending physician when she was hospitalized in June and July 2011 with various complaints. ECF No. 16 at 10. Plaintiff further argues that there is no inconsistency with her being released to undefined "light activity" following her hospitalization, and reasserts her arguments regarding the ALJ's assessment of her subjective reports. *Id.* at 11. Defendant argues the ALJ appropriately interpreted the record, which shows largely normal findings at contemporary exams, and that the opinion stating she was not capable of lifting even two pounds was inconsistent with her demonstrated activities. ECF No. 17 at 15-17.

The Court finds the ALJ did not err. Consistency with the record and support from the objective evidence are legitimate factors for the ALJ to consider in weighing an opinion. 20 C.F.R. § 404.1527(c)(3). Dr. Moran's opinion noted only tenderness to palpation in the lumbar spine, while all other exam findings were normal. Tr. 1317. The hospital records from his treatment of Plaintiff focus on her kidney infection and a single episode of chest discomfort with exercise. Tr. 263, 286. Neither hospital stay documents any abnormal exams of her spine or mental status.[1] Tr. 264, 269, 297-301, 310-11. The June visit does not note back pain or

---

[1] Records from the July hospital stay noted Plaintiff's reports of back problems, but include no documentation of exams or treatment for the issue. Tr. 286. Plaintiff was also noted to be anxious and crying on admission, but this was

chronic pain as issues that were addressed. Tr. 265. Therefore, the ALJ's assessment that Dr. Moran's opinion appears to be without objective basis is supported by substantial evidence.

        ***c.***     **MSW Sandra Macias and LMHC Doyle Hardy**

Plaintiff's treating counselor, Sandra Macias, completed multiple letters and medical source statements regarding Plaintiff's conditions.[2] Tr. 565-58, 591, 595-96. In 2011 she drafted a letter to the Washington State Division of Vocational Rehabilitation, noting Plaintiff was forced to quit her job at the casino because of excessive anxiety about the confrontational aspects of her job and anxiety and depression caused her to miss days of work. Tr. 591. In June 2013 Ms. Macias completed a letter and medical source statement for Plaintiff's disability claim, noting marked impairment in a number of areas, including handling very short simple instructions, maintaining attention and concentration for extended periods, performing within a schedule and maintaining regular attendance and punctuality, accepting instructions and responding appropriately to supervisors, and getting along with coworkers or peers. Tr. 565-66. She included a letter noting Plaintiff's anxiety and depression were exacerbated when situations overwhelmed her unstable emotional well-being. Tr. 568. In November 2013 Ms. Macias completed a third letter, noting Plaintiff's diagnoses, history of abuse, and substance use, and ///

---

attributed to pain, and the records noted Plaintiff calmed down with fluids and pain medication. Tr. 310. On discharge she was noted to have had a worsening of her depression while in the hospital due to a lapse in her mental health medications, but the record does not contain documentation of any mental status exams. Tr. 286-87.

    [2] Due to a technology issue, the records of Ms. Macias's treatment were not available. Tr. 595.

noting her increased anxiety when involved in stressful situations at work. Tr. 595-96.

Plaintiff's other counselor, Doyle Hardy, also completed a medical source statement assessing marked and severe limitations in similar categories to Ms. Macias's June 2013 opinion. Tr. 592-94. He additionally commented that Plaintiff's PTSD symptoms had worsened and that she reported extreme anxiety and panic when triggered, which "would prohibit her ability to manage a regular work day or work week." Tr. 594.

The ALJ addressed Ms. Macias's two letters from 2013 and gave them minimal weight other than to agree that Plaintiff was unable to perform her past work at the casino. Tr. 1878-79. The ALJ found the remainder of the letters were without objective support, as the treatment record reflected overall stability in Plaintiff's psychological state, along with activities that contradicted Ms. Macias's opinions, including travel, caretaking, household chores, and social activities. Tr. 1879. The ALJ also gave minimal weight to Mr. Hardy's opinion, finding it without objective support and contradicted by his minimal degree of treatment records and the record as a whole. *Id.*

Plaintiff argues the ALJ erred in failing to mention Ms. Macias's 2011 letter, and improperly rejected her other letters without offering specific explanations for how the record or Plaintiff's activities contradicted the opinions. ECF No. 16 at 13-15. She further asserts the ALJ erred in rejecting Mr. Hardy's opinion as it was not inconsistent with his own records, which showed ongoing difficulties. *Id.* at 15-16. She also asserts any notations of Plaintiff doing well or being in better spirits must be read in context with her ongoing issues. *Id.* Defendant argues the ALJ did not err, as the discussion throughout the decision shows overall stability in Plaintiff's mental state and largely normal mental status exams, and that her activities show a greater level of functioning, all of which are supportive of the ALJ's conclusion that the opinions were without objective support. ECF No. 17 at 19-20. Defendant

further asserts that Ms. Macias's 2011 letter indicated only that Plaintiff was unable to perform her past work at the casino, a fact that the ALJ concurred with. *Id.* at 18.

The Court finds the ALJ did not err. As noted above, the ALJ discussed the largely normal mental status exam findings throughout her decision. Tr. 1874-75. Other than when Plaintiff was actively engaging in trauma therapy, at which point she showed some depressed or anxious mood and affect (Tr. 1054-66), mental status exams were largely unremarkable. Tr. 350, 352, 451, 461, 469, 572, 585, 963, 1043, 1063-64. Consistency with the record and support from objective findings is a germane factor for an ALJ to consider in assessing the persuasiveness of an "other" source. 20 C.F.R. §§ 404.1527(c)(2)(4), 404.1527(f). While Plaintiff offers an alternative interpretation of the record, the ALJ's discussion and interpretation is reasonable. The Court further agrees with Defendant's discussion of the 2011 letter, in that it did not offer any limitations or opinions that were rejected by the ALJ. Therefore, any error in not discussing the letter was harmless at most. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (an error is harmless when "it is clear from the record that the . . . error was inconsequential to the ultimate nondisability determination").

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error and is affirmed. Therefore, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 17**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **DENIED**.

///
///
///

1    The District Court Executive is directed to file this Order and provide a copy
2  to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant
3  and the file shall be **CLOSED**.
4    **IT IS SO ORDERED.**
5    DATED April 6, 2021.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION . . . - 15